JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

KESLIE STEWART (CABN 184090)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3680
   Facsimile: (510) 637-3724
   E-Mail: Keslie.Stewart@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No.  CR 08-00099 CW |
| ) | |
|    Plaintiff, ) | UNITED STATES' SENTENCING |
| ) | MEMORANDUM |
|    v. ) | |
| ) | |
| MICHAEL MARTIN, ) | |
| ) | |
|    Defendant. ) | |
| _____ ) | |

## I.     INTRODUCTION

On March 26, 2008, Michael Martin ("defendant") pleaded guilty pursuant to a Rule 11(c)(1)(A) and 11(c)(1)(B) plea agreement to Count One of a four count information charging him with conspiracy to manufacture and distribute marijuana in violation of 21 U.S.C. § 846. A hearing for imposition of judgment and sentence is currently scheduled for September 3, 2008.

## II.    APPLICATION OF THE SENTENCING GUIDELINES

The parties and the Probation Officer agree that the defendant's total adjusted offense level is 19. Plea Agreement at ¶ 7 and PSR at ¶¶ 20-32. The defendant's criminal history category is I. Thus, his Guidelines range is 30-37 months.

CR 08-00099 CW
SENTENCING MEMO

The Probation Officer recommends a sentence of 24 months based on "the defendant's self reported motivation for his involvement in this offense as well as the heretofore unspoken impact that California's Proposition 215 (the Compassionate Use Act of 1996) has had upon individuals like Mr. Martin." PSR at Sentencing Recommendations. The United States opposes any downward departure in this case, including one based on a conflict between state and federal law, and respectfully suggests that a sentence at the low end of the Guidelines – 30 months – is a just and reasonable sentence under the statutory sentencing factors set forth at 18 U.S.C. § 3553(a).

**A.     Acceptance of Responsibility**

The government respectfully recommends that the defendant be granted a two-point reduction in offense level under U.S.S.G. § 3E1.1(a) because he has "clearly demonstrate[d] acceptance of responsibility for his offense" under the terms of § 3E1.1(a) by truthfully admitting the facts establishing his guilt. Defendant is likewise entitled to a third point for acceptance of responsibility under the distinct standard set forth in U.S.S.G. § 3E1.1(b). To qualify for this third point, the defendant must have "assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." § 3E1.1(b). Because the defendant pled guilty in this case in a timely manner that avoided any preparation for trial, the government hereby moves that he be granted this third point as well.

The defendant, however, asks for an additional downward departure based on "super acceptance of responsibility" and relies in part on his letter to probation. The defendant has done what many defendants do by pleading early. For this the government has moved for the third point for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b). The defendant has done nothing out of the ordinary such that he should be granted additional credit for acceptance of responsibility. His letter to the Probation Officer does nothing to distinguish him from other defendants. After several pages of explaining how he believed he was complying with state and local law and of explaining why he did not expect to be prosecuted under federal law, the

defendant simply states: "I accept that I have broken the law, as I am charged, and I accept that there are consequences for my actions." Nothing about this statement distinguishes this defendant from any other defendant who enters a guilty plea soon after being charged.

### III. THERE IS NO BASIS FOR A DOWNWARD DEPARTURE UNDER THE GUIDELINES OR THE STATUTORY SENTENCING FACTORS

The defense puts forth several arguments in support of a downward departure to a non-custodial sentence. None of the defendant's arguments is persuasive.

The conflict between state and federal law is irrelevant to the defendant's sentence on these federal charges. In his letter to the Probation Officer, the defendant admits that he understood that he was committing a federal crime but claims he did not believe that federal authorities would actually prosecute him. This is not a mitigating factor. If it were, it would be available to every criminal who could claim with a straight face that he or she believed that federal agents had bigger fish to fry.

The defendant's sentencing memorandum argues that he was not motivated by profit, but in his letter to Probation, the defendant admits that he originally became involved in the marijuana conspiracy because he hoped to "mak[e] a few extra bucks to cover my rent increase." PSR at p. 6. The defendant appears to be entrepreneurial with an education in business. His admitted use of advertising and marketing to increase demand for his products suggests that he was not motivated by a desire to help others. PSR at 7. The defendant was not growing marijuana solely for his own use or for the use of a sick family member. He was running a profitable business and supporting himself and his family with the proceeds of marijuana sales.

Any disparity in sentencing between the defendant and his co-defendants in this case is easily explained by the differences in their roles. The Ninth Circuit has recognized that "Congress's primary goal in enacting § 3553(a)(6) was to promote national uniformity in sentencing rather than uniformity among co-defendants in the same case." *United States v. Saeteurn*, 504 F. 3d 1175, 1181 (9th Cir. 2007) (sentence at low end of the guidelines was reasonable where the district court attempted to ascertain each defendant's role in the drug conspiracy). The defendant admits that he was a leader and organizer of the conspiracy. He was

CR 08-00099 CW
SENTENCING MEMO                3

one of the original business partners who owned the company and managed the production of the marijuana and the production of the marijuana products. Plea Agreement at ¶ 2. His codefendants all worked for him.

### IV. STATUTORY SENTENCING FACTORS

In light of the *Booker* Court's severance of 18 U.S.C. § 3553(b)(1) from the federal sentencing statute, sentencing courts are now obliged to consider, in addition to the sentencing guidelines, the factors set forth 18 U.S.C. § 3553(a). These factors include the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence, protect the public from further criminal conduct by the defendant, and avoid sentencing disparities among similarly situated defendants. The sentencing guidelines were specifically created to take all of these factors into account and to apply them in a consistent way to defendants all across the country. For these reasons the United States respectfully suggests that a sentence at the low end of the guidelines achieves all of these sentencing goals. Accordingly, a sentence of 30 months imprisonment, three years supervised release, no fine, and a $100 special assessment is reasonable and appropriate.

### V. CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court determine that defendant's total adjusted offense level is 19 and his criminal history category is I. The United States further respectfully requests that, taking into consideration the advisory Guidelines range of 30-37 months and the sentencing factors set forth in section 3553(a), the Court sentence defendant to 30 months imprisonment, three years of supervised release (under the terms and conditions recommended by the USPO), no fine, and a $100 special assessment.

DATED: August 29, 2008                    Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


            /s/
KESLIE STEWART
Assistant United States Attorney

CR 08-00099 CW
SENTENCING MEMO                    4